IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40422
Conference Calendar
_____


ROLAND R. HUNT,

                                        Plaintiff-Appellant,

versus

DR. A. LARSON, B. CHANEY,
D. JEFFCOAT, and C. KYLE

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 94-CV-444
- - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prison official does not violate the Eighth Amendment "unless [he] knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). Negligence, neglect, and even medical malpractice are not actionable under § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). When an inmate's medical record does not reflect any medical need for work restrictions, actions of prison officials in requiring an inmate to work despite his complaints could amount to nothing more than negligence, which is not actionable under § 1983. Reeves v. Collins, 27 F.3d 174, 177 (5th Cir. 1994).

Because his work assignment was consistent with his medical classification, Warden Chaney, Officers Jeffcoat and Kyle, and Captain Wyatt were not deliberately indifferent to Hunt's medical needs by relying on his medical records and classification to assign him to a work detail. See Reeves, 27 F.3d at 177. Hunt failed to show that Dr. Larson's actions amounted to deliberate indifference to his medical needs because he complains only that Dr. Larson made a mistake in assigning him a medical classification "1AP."

Hunt presents nothing more than negligence or malpractice, thus his claims have no arguable basis in law and were properly dismissed.

AFFIRMED.